UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
**VICTORIA SAWYER AND JOSEPH ROBERTS**, et al.       :
                                                     :
           Plaintiff(s)  :
                                                     :  No. 1:21-Civ.-00176 (RA)
        -v-                                  :
                                                     :  PRE-CONFERENCE STATEMENT
**SIRIUS XM RADIO, INC.**, a Delaware corporation,   :
                                                     :
                                                     :
           Defendant(s).  :
                                                     :
-----------------------------------------------------X

Plaintiffs Victoria Sawyer and Joseph Roberts (collectively "Plaintiffs") and Defendant Sirius XM Radio Inc. ("Defendant" or "Sirius XM") hereby submit the following joint preconference statement:

    **1.    Date of Conference and List of Attendees**

The Conference is scheduled for May 17, 2021, at 11:00 a.m. Appearing for Plaintiffs and the alleged Class will be Patrick Peluso of Woodrow & Peluso, LLC. Mr. Peluso's address is 3900 E. Mexico Avenue, Suite 300, Denver, CO 80210 and his phone number is 720-213-0676.

Appearing for Defendant Sirius XM will be Lee Armstrong and Allison Waks of Jones Day, 250 Vesey Street, New York, NY, 10281, (212) 326-7808.

    **2.    Statement of the Issues and Jurisdiction**

*Joint Statement regarding jurisdiction and venue*: This case is an alleged class action brought under the TCPA, a federal statute. As such, this Court has original jurisdiction under 28 U.S.C. § 1331. This Court also has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant resides in this District. Defendant

1

Sirius XM is a Delaware corporation with its principal place of business located at 1221 Avenue of the Americas, 35th Floor, New York, New York, 10020.

*Plaintiffs' Position on the issues*: The case challenges Defendant's alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), specifically the TCPA's prohibition against making unsolicited autodialed calls, including to consumers who specifically ask that the calls stop, and its bar against placing unsolicited telemarketing calls to consumers whose numbers appear on the National Do Not Call Registry. Plaintiffs Victoria Sawyer and Joseph Roberts allege that Sirius (either directly or through its agents) placed multiple autodialed telemarketing calls to their cellular telephones in an attempt to solicit them to purchase Sirius's products and services without their consent. Even after requesting that the calls stop, Plaintiffs continued to receive telemarketing calls from Sirius. Further, Plaintiff Sawyer also alleges that her cellphone number was listed on the National Do Not Call Registry since 2006. Despite being listed on the registry, Sirius placed repeated telemarketing calls to Sawyer absent any consent. Accordingly, Plaintiffs filed the instant case seeking statutory damages and injunctive relief on behalf of themselves and the proposed Classes of similarly situated individuals.

Below, Defendant contends that the ATDS claim fails in light of the Supreme Court's recent decision in *Facebook*. However, at this stage of the proceeding nothing is known about the capacity of the system(s) at issue. Discovery is needed on the capacity of the system(s) to determine if the equipment at issue satisfies the standard set forth by the Supreme Court. This is a summary judgment issue and resolution of it before any discovery has taken place would be improper. Finally, Defendant's assertions below that the Do Not Call Registry classes cannot be certified are untested and such arguments are better raised at the class certification stage after discovery.

*Defendant's Position on the Issues:* Sirius XM denies that Plaintiffs have any valid claims

for many reasons, including the following.

*First*, Plaintiffs' allegations on behalf of the "No Consent Class" (the first cause of action) are premised on Sirius XM's third-party telemarketing vendors having placed calls to Plaintiffs using an Automatic Telephone Dialing System ("ATDS"). On April 2, 2021, the Supreme Court resolved the interpretive question of whether equipment that dials from a stored list of numbers (as does the equipment in this case) qualifies as an ATDS subject to the TCPA's statutory penalties. The Court held that it does not as a matter of law. *Facebook, Inc. v. Duguid et al.*, No. 19-511, 592 U.S. ____ (2021). Instead, consistent with the plain language of the statute, to qualify as an ATDS, equipment must "use a random or sequential number generator." *Id.* at 7. To the extent that Plaintiffs do not agree to dismiss to No Consent Cass based on this dispositive ruling, Sirius XM will likely file a dispositive motion in light of *Facebook*. If this claim were to proceed through discovery, any such discovery will show that Sirius XM's vendors never used a random or sequential number generator when making calls to Plaintiffs (or any consumers on Sirius XM's behalf). Rather, Sirius XM provides vendors lists of Sirius XM present and former subscribers for marketing purposes and the vendors then dial only known numbers from those curated lists of subscribers. No vendor used a random or sequential number generator when contacting these subscribers.

*Second*, Plaintiffs' claims that they were called after instructing the vendors not to call again (the so-called "Internal Do Not Call Class") cannot be certified because individualized issues predominate. Evidence will show that Sirius XM and its telemarketing vendors scrub the lists of telephone numbers to be dialed against Sirius XM's company-specific do-not-call list. Sirius XM updates its do-not-call list and understands that its telemarketing vendors also update their do-not-call lists consistent with regulations set forth by the United States Federal Trade Commission (the "FTC"), the United States Federal Communications Commission (the "FCC") and, to the extent

applicable, various state regulatory entities. To the extent Plaintiffs allege that they specifically were called after individually having requested those calls to stop, such allegations could be investigated and pursued only on an individualized basis. Indeed, an individualized review of Sirius XM records establishes that plaintiff Roberts *never* made such a request and thus could not be a member of this sub-class. In any event, Sirius XM placed Plaintiff Sawyer on the internal do-not-call list within a reasonable time, following reasonable procedures.

*Third*, Plaintiff Sawyer's claims that she was called despite being registered on the National Do-Not-Call Registry ("DNC Registry") cannot be certified because they too would require analysis of voluminous individualized inquires. Under applicable law, it is permissible to call telephone numbers on the DNC Registry so long as there exists an established business relationship ("EBR") with those consumers consistent with 16 CFR § 310.4 and 47 CFR § 64.1200. An individual forms an EBR with a business when the individual voluntarily communicates, "with or without an exchange of consideration," by making an "inquiry or application regarding [the business's] products or services" within three months before the telephone solicitation, or through a transaction with the company 18 months prior to the call. 47 CFR § 64.1200(f)(5). Individualized issues thus predominate over whether Sirius XM has an EBR with each of its subscribers at the time of the allegedly violative calls. For example, Plaintiff Sawyer made three inquiries about Sirius XM services during the phone calls with Sirius XM independent agents.

    **3.**    **Proposed Deadline for Joining Parties, Amending Pleadings, or Moving to do so**

The Parties jointly propose May 18, 2021 as the deadline to add parties or amend pleadings without leave of Court.

    **4.**    **Proposed Discovery Schedule**
The Parties have exchanged initial disclosures. The Parties propose the following discovery deadlines:

    a.    Initial requests for production of documents shall be served by <u>May 21, 2021</u>.

    b.    Initial interrogatories shall be served by <u>May 21, 2021</u>.

    c.    Depositions shall be completed by <u>December 16, 2021</u>.

    d.    Close of fact discovery: <u>December 16, 2021</u>.

    e.    Expert reports due <u>December 21, 2021 for Plaintiff, January 20, 2022 for Defendant, rebuttal reports by February 3, 2022</u>.

    f.    Close of all discovery: <u>February 23, 2022</u>.
    g.    Motion for class certification due: <u>February 25, 2022</u>.

**5.    Proposed Limitations to be Placed on Discovery**

*Plaintiff's Position:* None at this time. Should a protective order be necessary the Parties will confer and submit a proposed protective order.

*Defendant's Position***:** A protective order will need to be entered in this case, and it shall include protections regarding consumers' private person information (PII), to the extent such information must be produced in response to a discovery request.

**6.    Anticipated Discovery Issues**

None at this time, though of course disputes may arise. The Parties will work cooperatively to attempt to resolve any discovery disputes.

**7.    Date for Status Conference**

The Parties propose November 16, 2021, which is 30 days prior to the close of fact discovery.

**8.    Dispute Resolution**

*Plaintiff's Position:* The Parties do not believe a referral to mediation or for a settlement conference is appropriate at this juncture but will revisit settlement as the case progresses through discovery.

*Defendant's Position:* Sirius XM is always open to reasonable settlement but in light of the Parties' discussions thus far, Sirius XM does not believe either individual settlement or class settlement is possible now. It may be appropriate to revisit settlement at the close of discovery, including whether referral to mediation or a settlement conference with the Court would be most productive.

## 9. Pre-Motion Conference Requests Regarding Summary Judgment

The Parties propose that deadlines for dispositive motions, pre-trial, and trial be set at a subsequent case management conference after a ruling on class certification.

## 10. Trial

*Plaintiff's Position:* Plaintiffs have demanded a jury trial. The Parties anticipate trial to last 3-5 days.

*Defendant's Position*: Sirius XM anticipates a 5-7 day trial.

## 11. Trial by Magistrate Judge

The Parties do not consent to trial before the designated magistrate judge.

Respectfully submitted,

Dated: May 13, 2021                    /s/ Patrick H. Peluso

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Ave., Suite 300
Denver, Colorado 80210
Tel: (720) 213-0675
Fax: (303) 927-0809

Jeffrey S. Arons
ja@aronslaw.net
Arons & Arons, LLC
76 South Orange Ave., Suite 100
South Orange, New Jersey 07079

Tel: (973) 762-0795

*admitted *pro hac vice*

*Counsel for Plaintiffs*

Dated: May 13, 2021        /s/ Allison L. Waks
                                  Lee A. Armstrong
                                  Allison L. Waks
                                  JONES DAY
                                  250 Vesey Street
                                  New York, New York
                                  Tel: (212) 326-3939
                                  Email: laarmstrong@jonesday.com
                                  Email: awaks@jonesday.com

Thomas Demitrack (*pro hac vice* forthcoming)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Tel: (216) 586-3939
Email: tdemitrack@jonesday.com

*Counsel for Defendant*