

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTORIA SAWYER, et al.

        Plaintiffs,

-against-

SIRIUS XM RADIO INC.,

        Defendant.

21-CV-176 (RA) (BCM)

**INITIAL CASE MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and scheduling order pursuant to Fed. R. Civ. P. 16:

1. <u>Joinder and Amendment</u>. Amended pleadings may not be filed and additional parties may not be joined after **May 18, 2021** except with leave of the Court. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15(a) and 21.

2. <u>Automatic Disclosures</u>. To the extent they have not done so already, the parties shall exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **May 18, 2021**.

3. <u>Written Discovery</u>. The parties shall serve their initial requests for production of documents and any initial interrogatories (in compliance with Local Civ. Rule 33.3(a)) no later than **May 21, 2021**.

4. <u>Depositions and Additional Fact Discovery</u>. All remaining fact discovery, including depositions, shall be completed no later than **December 16, 2021**.

5. <u>Expert Discovery</u>. Disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), shall be made no later than **December 21, 2021** for plaintiffs and no later than **January 20, 2022** for defendant. The disclosure of expert evidence intended solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party shall be made no later than **February 3, 2022**. Depositions of experts shall be completed no later than **February 23, 2022**.

6. <u>Close of Discovery</u>. All discovery shall be completed no later than **February 23, 2022**.

7. <u>Motion for Class Certification</u>. Plaintiffs shall file any motion for class certification no later than **February 25, 2022.**

8. <u>Timely Discovery</u>. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

9. <u>Status Conference</u>. Judge Moses will conduct a status conference on **September 13, 2021, at 10:00 a.m**. No later than **September 9, 2021**, the parties shall submit a joint status letter outlining (1) the progress of discovery to date, (2) whether any motion practice is contemplated prior to the close of discovery, and (3) whether, and if so when, the parties would like to schedule a judicially-supervised settlement conference.

10. <u>COVID-19 Modifications</u>. For the duration of the COVID-19 public health emergency, unless otherwise ordered by the Court:

    a. <u>Conferences and Hearings</u>. All court conferences and hearings will be conducted by teleconference. The parties are directed to call **(888) 557-8511** on their scheduled date, a few minutes before their scheduled time, and enter the access code **7746387. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.**

    b. <u>Remote Depositions</u>. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g*., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

11. <u>Trial</u>. The parties have stated that the anticipated length of trial is 4-6 days. Plaintiffs have requested a jury trial.

12. <u>Extensions and Adjournments</u>. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application.

>   **Applications made after the expiration of the deadline in question may be summarily denied**.

13. Discovery of ESI. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

14. Discovery Applications. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient.

15. Amendments to Discovery Rules. Counsel are strongly advised to review the current version of the Federal Rules of Civil Procedure, which were substantially amended in December 2015, before seeking judicial intervention regarding a discovery dispute. Among other things Rule 26(b)(1) has been amended to limit the scope of discovery to matters that are non-privileged, relevant, and "proportional to the needs of the case." Rule 26(g) requires counsel to sign discovery requests, responses, and objections, thereby certifying that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, each disclosure is "complete and correct as of the time it is made," and that each request or objection is "consistent with these rules," not interposed for any improper purpose, and neither unreasonable not unduly burdensome or expensive. Rule 34(b)(2) requires the responding party to "state with specificity the grounds for objecting to the request, including the reasons," and to do so with respect to "each item or category."

16. Fed. R. Evid. 502(d) Order. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Content:
Dated: New York, New York
       May 17, 2021

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

Dated: New York, New York
       May 17, 2021

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**